UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

COMPLETE TRUCK AND EQUIPMENT SALES,
INC., CANADA,

                        Plaintiff,

v.                                                5:07-CV-0332
                                                (GTS/DEP)
ALEX LYON & SON SALES MANAGERS &
AUCTIONEERS, INC.,

                        Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

HANCOCK & ESTABROOK, LLP                  DANIEL B. BERMAN, ESQ.
  Counsel for Plaintiff
1500 AXA Tower I
Syracuse, NY 13221

ENGEL LAW FIRM                                             TODD S. ENGEL, ESQ.
  Counsel for Defendant                                RICHARD L. ENGEL, ESQ.
7222 East Genesee Street
Fayetteville, NY 13066

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court in this breach-of-contract action filed by Complete Truck and Equipment Sales, Inc. ("Plaintiff") against Alex Lyon & Son Sales Managers & Auctioneers, Inc. ("Defendant") is a motion for summary judgment filed by Plaintiff. (Dkt. No. 19.) For the reasons set forth below, Plaintiff's motion is granted on the issue of liability, and further briefing is solicited from the parties on the issue of interest and special damages.

I.  **BACKGROUND**

    A.  **Summary of Plaintiff's Complaint**

Generally, Plaintiff's Complaint alleges that Defendant breached a contract that it entered into with Plaintiff, causing Plaintiff to suffer both general and special damages. (*See generally* Dkt. No. 1 [Plf.'s Compl.].) More specifically, liberally construed, Plaintiff's Complaint alleges as follows.

On or about March 28, 2001, Plaintiff delivered to Defendant a Standby Letter of Credit in the amount of $100,000 (in U.S. Dollars), in order to permit Plaintiff to bid at an auction to be conducted by Defendant on March 29, 2001. (*Id*. at ¶ 7.)

At some point before the auction occurred, Plaintiff (located in Ontario, Canada) contracted with Ramiro Pozo to act as Plaintiff's agent at the auction. (*Id*. at ¶¶ 6, 8, 9.) Moreover, Plaintiff placed Defendant on notice, or gave Defendant actual knowledge, that Mr. Pozo would be acting as Plaintiff's agent at the auction. (*Id*. at ¶ 10.)

At the auction, Plaintiff, acting through Mr. Pozo, purchased four trucks from Defendant for the aggregate purchase price of $76,095.00. (*Id*. at ¶¶ 6, 9.) Pursuant to the purchase agreement, Defendant agreed to deliver clear and marketable title to the four trucks in exchange for Plaintiff paying Defendant the sum of $76,095.00. (*Id*. at ¶ 14.) At some point during or after the purchase, Defendant was directed that the titles to the four trucks be sent to "Plaintiff care of Robert Ryan, Plaintiff's President, at 21 Enterprise Dr., London, Ontario, Canada." (*Id*. at ¶ 12.)

Subsequently, Plaintiff caused payment to be made to Defendant in the amount of $76,095.00. (*Id*. at ¶¶ 7, 11.) However, Defendant failed to deliver the titles to Plaintiff. (*Id*. at

¶ 15.) Instead, Defendant delivered the titles (and possession) to Mr. Pozo, who then breached his contract with, and fiduciary duty to Plaintiff, by failing to deliver the titles (and possession) to Plaintiff. (*Id*. at ¶¶ 13, 17, 19, 23.)

Plaintiff alleges that, as a result of Defendant's breach of contract, Plaintiff has suffered damages in excess of $150,000. (*Id*. at ¶ 17.) More specifically, Plaintiff alleges that its damages consist of the following: (1) $76,095.00 for the purchase price of the four trucks; (2) more than $73,095.00 in (a) lost profits due to an inability to resell the trucks at a profit,[1] (b) expenses incurred in connection with attempting to obtain clear title to, and possession of, the four trucks, and (c) interest on the $76,095.00 amount from the date of the auction (March 29, 2001). (*Id*. at ¶¶ 9, 11, 14, 16, 17, & "Wherefore" Clause.)

Familiarity with the remaining factual allegations supporting this claim in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for review by the parties. (*Id*.)

The Court notes that Plaintiff's Complaint also asserts claims against Ramiro Pozo, the individual hired by Plaintiff to act as its agent at Defendant's auction. (Dkt. No. 1, ¶¶ 18-24.) More specifically, Plaintiff's Complaint asserts against Mr. Pozo claims of breach of contract and breach of fiduciary duty. (*Id*.) However, on June 21, 2007, Plaintiff voluntarily dismissed its claims against Mr. Pozo, pursuant to Fed. R. Civ. P. 41(a)(1)(i), due to its inability to locate and serve him. (Dkt. No. 7.) As a result, the Court will not address the merits of these claims in the Decision and Order.

---

[1] Plaintiff alleges that, at the time the parties entered into their purchase agreement, "Defendant had knowledge that Plaintiff was purchasing the [four] trucks . . . for the purpose of resale at a profit." (*Id*. at ¶ 16.)

B.    **Undisputed Material Facts**

The following is a general summary of material facts that are undisputed by the parties. (*Compare* Dkt. No. 19, Attach. 7 [Plf.'s Rule 7.1 Statement] *with* Dkt. No. 23, Attach. 5 [Def.'s Rule 7.1 Response].)

On or about March 28, 2001, Plaintiff delivered to Defendant a Standby Letter of Credit in the amount of $100,000 (in U.S. Dollars), in order to permit Plaintiff to bid at an auction to be conducted by Defendant on March 29, 2001. At some point before the auction occurred, Plaintiff (located in Ontario, Canada) contracted with Ramiro Pozo to act as Plaintiff's agent at the auction (which was to occur in Atlantic City, New Jersey). Moreover, Plaintiff placed Defendant on notice, or gave Defendant actual knowledge, that Mr. Pozo would be acting as Plaintiff's agent at the auction.

Upon arriving at the auction, Mr. Pozo completed a registration card, listing his name, the name of Plaintiff's company, its physical address, its phone number and its fax number. Mr. Pozo then bid on, and purchased, four trucks from Defendant for the aggregate purchase price of $76,095.00. At approximately this time, Mr. Pozo requested that Defendant send the titles to the trucks to Plaintiff's president, Robert Ryan, at 21 Enterprise Dr., London, Ontario, Canada N6N1A3.

Subsequently, Plaintiff caused payment to be made to Defendant in the amount of $76,095.00. Defendant prepared and issued four "bill of sale" documents acknowledging that Plaintiff was the purchaser of the four trucks. However, pursuant to Defendant's procedure, it gave the titles to the four vehicles to the person whose name appeared on the registration card: Mr. Pozo. Mr. Pozo then failed to deliver the titles to (and possession) the four trucks to

Plaintiff.

Familiarity with the remaining undisputed material facts and disputed material facts, as set forth in the parties' Rule 7.1 Statement and Rule 7.1 Response, is assumed in this Decision and Order, which (again) is intended primarily for review by the parties.

### C. Parties' Arguments on Plaintiff's Motion for Summary Judgment

Generally, in support of its motion for summary judgment, Plaintiff argues that Defendant is liable because (1) it failed to perform its obligation to deliver to Plaintiff title to the four trucks in question, and (2) Defendant's president (Jack Lyon) admitted in his deposition that Defendant had no explanation for its failure to deliver the trucks or titles to Plaintiff. (*See generally* Dkt. No. 19, Attach. 8 [Plf.'s Memo. of Law].)

In response, Defendant argues, generally, that summary judgment is not warranted because "Defendant performed under the contract and should not be held accountable for the deceptive acts of the agent when there are no allegations that . . . Defendant had any knowledge of Pozo's deceptive acts." (*See generally* Dkt. No. 23, Attach. 4 [Def.'s Reply Memo. of Law].)

In reply, Plaintiff argues, among other things, that "Defendant's breach is not based solely on the fact that the physical titles were sent to Mr. Pozo, but rather on the fact that title was issued to him as the named owner." (Dkt. No. 24, Attach. 2, at 4 [Plf.'s Reply Memo. of Law].) Plaintiff further argues that "[t]here is simply no claim or evidence in the record that Defendant was instructed to issue title in Mr. Pozo's name and, thus, [Defendant's] discussion of a party's right to rely on an agent's authority is simple obfuscation, and cannot defeat [Plaintiff's] motion for summary judgment." (*Id.* at 4-5.)

5

## II. RELEVANT LEGAL STANDARDS

### A. Legal Standard Governing Motions for Summary Judgment

Because the parties to this action have demonstrated, in its memoranda of law, an accurate understanding of the legal standard governing motions for summary judgment, the Court will not recite that well-known legal standard in this Decision and Order, but will direct the reader to the Court's recent decision in *Pitts v. Onondaga County Sheriff's Dep't*, 04-CV-0828, 2009 WL 3165551, at *2-3 (N.D.N.Y. Sept. 29, 2009) (Suddaby, J.), which accurately recites that legal standard.

### B. Legal Standards Governing Plaintiff's Claims

Because this decision is intended primarily for review by the parties, the Court will not recite, in their entirety, the legal standards governing Plaintiff's claims in this Decision and Order, but will instead refer to the relevant legal standards in its analysis only where necessary.

## III. ANALYSIS

### A. Liability on Plaintiff's Claim

Based on the current record, the Court finds that summary judgment should be granted to Plaintiff. The Court reaches this conclusion for the reasons stated by Plaintiff in its memoranda of law. (Dkt. No. 19, Attach. 8, at 2-3 [Plf.'s Memo. of Law]; Dkt. No. 24, Attach. 2, at 3-5 [Plf.'s Reply Memo. of Law].) Of these reasons, three bear further discussion in this Decision and Order.

First, Plaintiff has adduced a document (the "Title Document") that indicates that title for the four trucks was to be sent to Plaintiff's president (Robert Ryan) at 21 Enterprise Drive, London, Ontario, Canada. (Dkt. No. 19, Attach. 2, at 12 [bearing word "<u>Title</u>" next to words

"Robert Ryan, 21 Enterprise Dr., London, Ontario, Canada N6N1A3."].)  The Court notes that the document has been introduced as an exhibit to the affidavit of Plaintiff's president (Robert Ryan), who swears that the document is a copy of the receipt received by Plaintiff for the purchase of the four vehicles in question.  (Dkt. No. 19, Attach. 1, ¶ 5.)  Furthermore, the Court notes that, in his deposition, Defendant's president (Jack Lyon) testified that (1) the Title Document "looks like an Alex Lyon & Son invoice", and (2) the Title Document does indeed indicate that title was to be sent to Mr. Ryan at 21 Enterprise Drive, in London, Ontario, Canada.  (Dkt. No. 19, Attach. 6, at 14.)

Second, Plaintiff has adduced a document, entitled "Affidavit," which purports to have been prepared by Defendant's Title Clerk, Maureen North, at some point after the date of the auction.  (Dkt. No. 19, Attach. 2, at 14.)  Among other things, the document (1) states, "Please be advised that due to a clerical error on our part, the titles for the vehicles listed below have been sent in error to the wrong person", (2) states that "Ramiro Pozo . . . requested at the sale site that we send the titles to Mr. Ryan", (3) states that, due to a mistake on Defendant's part, Defendant sent the titles to Mr. Pozo, not Mr. Ryan, (4) promises that Defendant "will obtain duplicate titles for these vehicles for Mr. Ryan", and (5) states that the document serves "as proof of [Defendant's] error."  (*Id*.)

The Court notes that, in his deposition, Defendant's president (Jack Lyon) testified that, "[given] the neat penmanship [on the document], . . . it's probably her signature [on the document]."  (Dkt. No. 19, Attach. 6, at 17.)  The Court notes also that the signature on the document appears to be the same as the signature on the four bills of sale issued for the trucks.  (*Compare* Dkt. No. 19, Attach. 6, at 17 *with* Dkt. No. 19, Attach. 2, at 4, 6, 8, 10.)  Finally, the

Court notes that it is immaterial whether or not the document is an actual affidavit. The document has been introduced as an exhibit to the affidavit of Plaintiff's president (Robert Ryan), who swears that Plaintiff received the document by fax transmission on May 10, 2001. (Dkt. No. 19, Attach. 1, ¶ 8.)  Furthermore, it would presumably be admissible at trial under one of the three following theories: (1) as a party admission pursuant to Fed. R. Evid. 801(d)(2); (2) as a prior statement of a witness that is consistent with the witness's trial testimony and is offered to rebut an express or implied charge against the witness of recent fabrication or improper influence or motive, pursuant to Fed. R. Evid. 801(d)(1)(B); or (3) as a statement against interest of an unavailable witness, pursuant to Fed. R. Evid. 804(b)(3) (given that Defendant states that it has not been able to question Ms. North–its former employee–about the document).

Third, and finally, the Court rejects Defendant's attempt, in its opposition papers, to create a genuine issue of material fact on the issue of liability by submitting vague and uncorroborated affidavit testimony suggesting that *Plaintiff* instructed Defendant that Mr. Pozo was to take title to the trucks. Specifically, in his affidavit of October 6, 2008, Defendant's president (Jack Lyon) swears, "At some point during the Auction, Lyon *was instructed* that Pozo was to take title and delivery of the trucks by virtue of the agency relationship between Pozo and Ryan".[2] However, in his deposition on June 30, 2008, Mr. Lyon testified, in pertinent part, that (1) he had no idea why the four titles in question were not sent to Plaintiff's president (Robert Ryan), and (2) the reason the four titles in question were given to Mr. Pozo was because *Mr. Pozo* had completed a registration card at the auction site simply listing his name, company and

---

[2]  (Dkt. No. 23, Attach. 2, at ¶ 7 [emphasis added].)

8

contact information, and it was Defendant's "procedure" to give the title to the person whose name was listed on the registration card.[3] The Court notes that it is well-settled that a party may not defeat a motion for summary judgment by submitting an affidavit that disputes or contradicts his prior sworn testimony. *Bishop v. New Process Gear, Inc.*, 06-CV-0821, 2009 WL 3928679, at *5 (N.D.N.Y. Nov. 18, 2009) (Suddaby, J.) [collecting cases].

For all these reasons, the Court grants summary judgment to Plaintiff against Defendant on the issue of liability.

### B.  Damages on Plaintiff's Claim

As stated above in Part I.A. of this Decision and Order, Plaintiff alleges that it is entitled to damages in excess of $150,000.  In its motion for summary judgment, Plaintiff submits record evidence indicating that its losses were as follows: (1) $76,095.00 (in U.S. Dollars) from the purchase price paid for the four trucks; (2) $4,597.49 (in Canadian Dollars) and $8,894.19 (in U.S. Dollars) stemming from Plaintiff's attempts to locate and recover the trucks; and (3) $2,530.59 (in U.S. Dollars) for legal fees expended in an interpleader action that lead to the recovery of $5,000 (in U.S. Dollars) for one truck.  (*See, e.g.*, Dkt. No. 19, Attach. 1.)  As a result, Plaintiff argues that its total out-of-pocket losses were $82,519.78 (in U.S. Dollars) and $4,597.49 (in Canadian Dollars).

---

[3] (Dkt. No. 19, Attach. 6, at 14, 16, 19, 24 [Depo. Tr., asking "Now, can you explain to me why the titles weren't sent . . . to Mr. Ryan?" and responding "I have no idea"; and asking "Can you tell me why the title was sent to Mr. Pozo for these vehicles?" and responding that "Mr. Pozo's name was on the registration card" completed by the individual appearing at the auction site–which lists simply the name of the individual, the name of his company, its physical address, phone number and fax number–and that "our procedure is how you register the day of the auction . . . [is] how the titles normally go out"].)  The Court notes that the registration card in question was destroyed by a fire at Defendant's facilities on January 23, 2003. (Dkt. No. 19, Attach. 6, at 16-17, 26.)

9

Based on the current record, the Court accepts Plaintiff's argument regarding the $76,095.00 amount. This is because it is undisputed that (1) Plaintiff paid $76,095.00 (in U.S. Dollars) for four trucks, and (2) Plaintiff never received title to, or possession of, the four trucks. As a result, $76,095.00 (in U.S. Dollars) represents Plaintiff's general damages.[4]

With regard to Plaintiff's claim for special damages, Plaintiff has introduced evidence that it has lost $11,363.60 (in U.S. Dollars) and $4,597.49 (in Canadian Dollars) in special damages. (Dkt. No. 19, Attach. 1, at ¶ 9; Dkt. No. 19, Attach. 2, at 16-18.) Furthermore, Defendant has failed to introduce any evidence to suggest that Plaintiff did not suffer special damages in this amount. (*See generally* Dkt. No. 23.) However, "[i]n order to prove consequential damages, a plaintiff must prove (1) that the damages were foreseeable; (2) that the damages were within the contemplation of both parties when the contract was made; and (3) that the amount of damages can be determined with reasonable certainty." *Lorena Int'l N. Am., Inc.*, 2009 WL 1940428, at *3 (citing *Tractebel Energy Mktg. v. AEP Power Mktg.*, 487 F.3d 89, 111 [2d Cir. 2007]) (other citation omitted).[5]

Here, even assuming that the amount of special damages that Plaintiff suffered can be

---

[4] "In an action for breach of contract, a plaintiff may seek 'general' damages, which compensate for the value of the promised performance, and 'special' or 'consequential' damages, which compensate for additional losses." *Lorena Int'l N. Am., Inc. v. Vican Trading*, 08-CV-2686, 2009 WL 1940428, at *3 (E.D.N.Y. July 2, 2009) (citing *Schonfeld v. Hilliard*, 218 F.3d 164, 175 [2d Cir. 2000]).

[5] *See also Schonfeld*, 218 F.3d 164, 172 (2d Cir. 2000) (quoting *Kenford Co. v. County of Erie*, 73 N.Y.2d 312, 319 [N.Y. 1989]) ("Where the contract is silent on the subject of consequential damages, the court must take a 'common sense' approach, and determine what the parties intended by considering 'the nature, purpose and particular circumstances of the contract known by the parties . . . as well as what liability the defendant fairly may be supposed to have assumed consciously.'")

determined with reasonable certainty,[6] the Court is unable to discern, from the current record, whether the parties contemplated that Defendant would be liable for special damages arising out of its failure to deliver title and possession of the four trucks. Moreover, neither party has addressed the issue of foreseeability in their motion papers. For these reasons, the Court reserves on the issue of special damages, and solicits further briefing on that issue.

      **C.**      **Defendant's Third-Party Claim Against Ramiro Pozo**

In its Answer, Defendant asserts a third-party claim against Ramiro Pozo. (Dkt. No. 8, ¶¶ 37-41.) However, Mr. Pozo has never appeared in this action, and the record reflects that Defendant never successfully served him. (*See generally* Docket Sheet.) As a result, Defendant's third-party claim against Mr. Pozo is dismissed without prejudice for failure to serve pursuant to Fed. R. Civ. P. 4(m).

      **ACCORDINGLY,** it is

      **ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 19) is **<u>GRANTED</u>** on the issue of liability; and it is further

      **ORDERED** that the parties shall submit, within **THIRTY (30) DAYS** of the date of this Decision and Order, further briefing on the issue of when statutory interest, pursuant to N.Y. Civ. Prac. L. & R. § 5001(a), should accrue on this $76,095.00 amount; and it is further

      **ORDERED** that the parties shall submit, within **THIRTY (30) DAYS** of the date of this Decision and Order, further briefing on the issue of special damages. In particular, the parties

---

[6] It is questionable whether Plaintiff's proof of special damages, submitted in the form of an affidavit and an itemized spreadsheet, which in does not appear to resemble an authentic business record, is sufficient for the Court to conclude that the amount of damages can be determined with reasonable certainty.

are directed to address (1) whether or not special damages are appropriate in this action, and (2) assuming that special damages should be awarded, the dates on which statutory interest should accrue on the special damage amounts; and it is further

**ORDERED** that Defendant's third-party claim against Mr. Pozo (Dkt. No. 8, ¶¶ 37-41.) is **DISMISSED** without prejudice for failure to serve pursuant to Fed. R. Civ. P. 4(m).

Dated: March 19, 2010
        Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge